IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HARVEY SALOUM, | No. 03:11-cv-00900-HU |
| Plaintiff, | ORDER |
| v. | |
| TERRY WRIGHT, Tillamook Chief of Police, and CITY OF TILLAMOOK, | |
| Defendants. | |

J. Michael Porter
Jovita T. Wang
Miller Nash LLP
111 SW Fifth Avenue, Suite 3400
Portland, OR 97204

    Attorneys for Plaintiff

Gerald L. Warren
Law Office of Gerald Warren
901 Capitol Street NE
Salem, OR 97301

    Attorney for Defendants

1 - ORDER

HERNANDEZ, District Judge:

Magistrate Judge Hubel issued a Findings and Recommendation (#55) on February 6, 2013, in which he recommends that the Court should grant Defendants' motion for summary judgment. Plaintiff timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to the Findings and Recommendation because (1) the findings did not draw reasonable inferences most favorable to Plaintiff, the nonmoving party, and (2) the findings concluded there was probable cause for the arrest, that Chief Wright had qualified immunity, and that there was no basis for the City of Tillamook's liability. Objections to F&R, 3, 14, 19. I have carefully considered Plaintiff's objections and conclude that the objections do not provide a basis to modify the recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

As an initial matter, Plaintiff offers new evidence to support his objections to the Magistrate Judge's Findings and Recommendation. "'[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.'" Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) (quoting United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)). This is not a situation in which Plaintiff is a pro se litigant who has little understanding of the claims at issue. Just the opposite, Plaintiff is represented by two attorneys from a reputable law firm. Plaintiff's counsel understood how to

respond to Defendants' motion for summary judgment and presented evidence to oppose the motion. The new evidence[1] consists of excerpts from depositions and transcripts of state court proceedings—all of which were available to Plaintiff before he responded to Defendants' motion for summary judgment. Because Plaintiff had ample opportunity to present evidence before the Magistrate Judge, I decline to exercise my discretion to consider the new evidence.

Regarding Plaintiff's first objection, Plaintiff argues that the Magistrate Judge failed to draw all reasonable inferences in favor of Plaintiff. I am not persuaded by Plaintiff's arguments because the material facts that establish probable cause are undisputed and the inferences that Plaintiff raises are not reasonable. For example, Plaintiff argues that there was no probable cause to arrest Plaintiff because Defendant Terry Wright gave inconsistent testimony about the exact location of Plaintiff when he violated the stalking order[2], which led to his arrest. This discrepancy does not create a genuine dispute of material fact. Plaintiff does not dispute that he went on another's property in violation of the stalking order. Plaintiff also argues that it is reasonable to infer that Defendant "Wright's version of events cannot be trusted and that he deliberately fabricated facts about the arrest". Pl.'s Objections 6. Plaintiff's desired inference for this particular example is not reasonable. Plaintiff's other examples are equally without merit for the same reasons.

Plaintiff's other objection is based on his disagreement with Judge Hubel's conclusion that there was probable cause for the arrest, that Defendant Wright had qualified immunity, and that there was no liability for the City of Tillamook because Plaintiff's constitutional rights had

---

[1] The new evidence is presented in Plaintiff's and Jovita Wang's declarations in support of Plaintiff's objections to the Findings and Recommendation. Dkt. # 60, 61.

[2] The stalking order prevented Plaintiff from "[c]oming into the visual or physical presence of the other person". Warren Decl. Supp. Mot. Summ. J. Ex. 7 at 2.

3 - ORDER

not been violated. Findings and Recommendation, 19-21. I have reviewed the bases for Judge Hubel's conclusions in light of Plaintiff's objections. I find no reason to disturb his findings.

CONCLUSION

The Court adopts Magistrate Judge Hubel's Findings and Recommendation (#55). Therefore, Defendants' motion for summary judgment (#45) is granted.

IT IS SO ORDERED.

DATED this 7 day of May, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge

4 - ORDER